[Crim. No. 3570. Second Dist., Div. Two. June 25, 1942.]

THE PEOPLE, Respondent, v. WILLIAM ARNOLD, Appellant.

Gladys Towles Root for Appellant.

Earl Warren, Attorney General, and R. S. McLaughlin, Deputy Attorney General, for Respondent.

WOOD (W. J.), J.—In an information containing two counts defendant was charged with arson and with burning insured property. He was convicted on both counts. The appeal is from an order denying his motion for a new trial.

Defendant contends that the evidence is insufficient to justify the conviction. A statement of the more important facts brought out in the testimony shows that this contention is without merit. Carl Schou, who lived about thirty feet from defendant's residence at 8927 Ellis Avenue in the city of Palms, arrived home at about 3 o'clock in the morning and through his bedroom window noticed that defendant's residence was afire. He at once aroused defendant and a Mrs. Paulson, also known as Mrs. Arnold, who was living in the house with defendant. He then went to his landlady's residence and telephoned the fire department and upon returning met defendant coming out of the house. Together they secured a hose from the premises, sprayed water on the fire and put it out. The firemen arrived promptly and were met in front of the house by defendant who told them: "The fire is out; never mind." After several questions the firemen learned from defendant that the fire had been in the back of the house. They investigated and found that sparks and live embers were in the eaves and smoke was still coming out. The firemen entered the attic through a scuttle hole on the service porch and found three tin cans, each partly filled with kerosene, fresh newspapers spread out in a row in the center of the attic, a roll of tar paper and some charred wood and paper. The rear wall had been burned above and around one of the cans of kerosene. A wheel-type can opener was found in the kitchen. Two of the kerosene cans had been opened by a can opener of that type. Both defendant and Mrs. Paulson stated that they were unable to use the can opener. The cans and the can opener were examined by an expert, who found nothing wrong with the can opener. He stated that from his examination and test he had determined that the particular can opener in question had been used to open one of the cans found in

the attic. The newspapers found in the attic bore the dates of February 7, 10, and 11 of 1941. Defendant had stored his old newspapers in a pile in the garage, which was kept locked, but the investigator checked the pile of papers and found that the papers of the dates of those found in the attic were missing from the pile.

Defendant told an investigator that when he retired on the night of the fire all of the doors, including the screen door and the garage door, were locked. Investigators examined the exterior of the house with defendant, using their flashlights, and found no evidence that anyone had tried to enter any of the doors or windows by force and that the screen door to the service porch was undamaged. When an investigator returned the following morning defendant showed him a cut in the screen next to the casing of the door to the service porch and stated that Mrs. Paulson had discovered the cut shortly after daylight.

Defendant and Mrs. Paulson had purchased the four-room house early in 1940, taking the deed as husband and wife and as joint tenants, the purchase price being $2,025. The lot was valued at $850. At that time the buildings were insured in the sum of $1,600. In December, 1940, defendant secured $2,000 additional insurance on the property, making a total of $3,600. In the meantime improvements made by defendant on the property had cost between $400 and $500.

■ Since the decision in *People* v. *Newland*, 15 Cal. (2d) 678 [104 P. (2d) 778], the rule applicable in cases of circumstantial evidence has been definitely established. If the circumstances shown in evidence reasonably justify the verdict of the jury the opinion that those circumstances might also reasonably be reconciled with the innocence of defendant will not warrant interference by a reviewing court. (*People* v. *Miller*, 41 Cal. App. (2d) 252 [106 P. (2d) 239].) ■ In the present case the jury might reasonably have concluded that the fire was of incendiary origin; that it was what is commonly known as an ''inside job;'' and that defendant set fire to the house for the purpose of securing the relatively large amount of insurance which had been placed upon it.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 23, 1942.